IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

_____

**INTERSTATE NUCLEAR
SERVICES CORPORATION,**

      **Plaintiff,**

**v.**                            **No. CIV 98-1224 BB/KBM**

**CITY OF SANTA FE,**

      **Defendant.**

## MEMORANDUM OPINION
## AND
## ORDER DENYING ATTORNEY'S FEES
## AS PREMATURE

**THIS MATTER** is before the Court on Plaintiff's motion for attorney's fees, and the Court having considered the briefs and other submissions of counsel, FINDS the motion is premature and it will be Denied without prejudice.

Interstate Nuclear Services Corporation ("INS") brought this eleven-count challenge to the radioactive materials provisions of the City of Santa Fe's ("City") Ordinance 1997-3 under various legal theories. Many of the counts of the INS complaint are civil rights claims, brought pursuant to 42 U.S.C. § 1983, and may entitle INS to an award of attorney's fees if it is a "prevailing party" within the

meaning of 42 U.S.C. § 1988. The Court entered judgment in favor of INS on Count VIII, declaring that the radioactive materials provision is null, void, and unenforceable because the City lacked authority to regulate radioactive materials as a matter of state law. INS now argues that because "the claim in Count VIII is interrelated to the 'fee claims' advanced in other counts, INS's victory on Count VIII renders it a prevailing party under 42 U.S.C. § 1988. Plaintiff's Mem. at 1.

Under the language of Federal Rule of Civil Procedure 54, the INS motion for attorney's fees is premature. Rule 54(d)(2)(B) expressly provides that a motion for attorney's fees shall be filed "no later than 14 days after entry of judgment." Rule 54(a) defines "judgment" to include "a decree and any order from which an appeal lies." It is clear no appeal would lie from the Court's partial summary judgment on Count VIII, and this Court previously held that its order and opinion is not an "order from which an appeal lies." *See* 3/21/00 Order Denying Certification. Consequently, the Court's entry of a declaratory judgment in favor of INS on its claim of *ultra vires* conduct is not a final judgment that triggers the requirement in Rule 54(d)(2)(B). Attorney's fees are, therefore, not yet appropriate for decision under the Federal Rules of Civil Procedure.

# O R D E R

**Plaintiff's motion for attorney's fees is thus DENIED as premature.**


**Dated at Albuquerque this 21st day of June, 2000.**


                                                                             **BRUCE D. BLACK**
                                                                             **United States District Judge**


**Counsel for Plaintiff:**

    Charles A. Pharris, Gary J. Van Luchene, Keleher & McLeod, Albuquerque, NM
    Gregory A. Bibler, James C. Rehnquist, Goodwin Proctor & Hoar, Boston, MA

**Counsel for Defendant:**

    Ellen S. Casey, Gary W. Larson, Hinkle Hensley Shanor & Martin, Santa Fe, NM